UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Beatrice Mertilus** | Civ. A. No. 1:13-cv-12027-DJC |
| Plaintiff | |
| v. | |
| **Bank of America, N.A.,** **Select Portfolio Servicing, Inc.** and **U.S. Bank National Association as Trustee for the Holders of the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-BC1** | **First Amended Complaint and Jury Demand** **(Leave to file granted on February 10, 2014)** |
| Defendants | |

### Nature of the Case

1.      Plaintiff Beatrice Mertilus fell behind on her mortgage due to unforeseen economic circumstances.  She applied with Bank of America, N.A., then servicer of her residential mortgage loan, for a loan modification under the federal Home Affordable Modification Program ("HAMP").  Mertilus was granted a loan modification with a three-month trial period, under which, if she made three monthly payments on time, she would receive a permanent loan modification.  She made the required payments and submitted all required documents, but Defendants failed to provide the permanent loan modification, instead initiating foreclosure.

### Parties

2.      Plaintiff Beatrice Mertilus ("Mertilus") resides at 71 Rand Street, Revere, Suffolk County, Massachusetts.

3.      Defendant Bank of America, N.A. ("BOA") is a national banking association with principal place of business located in Charlotte, North Carolina. BOA is the bank who originally offered Mertilus the loan modification at issue.

4.      Defendant Select Portfolio Servicing, Inc. ("SPS") is a Utah corporation with principal place of business located in Salt Lake City, Utah. SPS is the present servicer of Mertilus' mortgage, and has continued to fail to honor Mertilus' loan modification.

5.      Defendant U.S. Bank National Association as Trustee for the Holders of the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-BC1 ("U.S. Bank") is a national banking association with principal place of business located in Cincinnati, Ohio. At all relevant times, U.S. Bank has acted as trustee of a trust of securitized mortgages allegedly containing Mertilus' mortgage. U.S. Bank is the investor who allegedly owns Mertilus' mortgage.

**Background**

6.      Mertilus lives in the property at issue, 72 Rand Ave., Revere, Suffolk County, Massachusetts. She lives in the property with her mother and her son.

7.      On August 12, 2005 Mertilus refinanced the mortgage on her principal residence with a mortgage for $297,600 from Wilmington Finance, a division of AIG Federal Savings Bank. The mortgage is recorded in the Suffolk Registry of Deeds at book 37824, page 30.

8.      On June 9, 2011 the mortgage was allegedly assigned to U.S. Bank. The assignment is recorded in the Suffolk Registry of Deeds at book 48041, page 96.

9.      The mortgage was serviced by BOA, on behalf of U.S. Bank. For example, BOA collected payments from Mertilus and forwarded them to U.S. Bank, sent mortgage statements and collection correspondence, and handled loss-mitigation options such as loan modifications.

10.     Authority to service Mertilus' mortgage was granted by U.S. Bank to BOA pursuant to a trust document called a pooling and servicing agreement. The document is publicly available through the Securities and Exchange Commission and is hereby incorporated by reference. BOA, at all relevant times, acted under U.S. Bank's direction and control.

11.     Due to economic circumstances beyond her control, Mertilus fell behind on her mortgage.

12.     Now, however, Mertilus is gainfully employed and has two jobs.

13.     Mertilus can easily afford to resume paying her mortgage. In fact, she has been making payments since December 2011 under a trial loan modification agreement.

14.     On October 25, 2011, Mertilus had filed a lawsuit against Bank of America unrelated to the claims at issue in this complaint, alleging that Bank of America was not entitled to foreclose. Mertilus' counsel in that case has since passed away and she has voluntarily dismissed that claim.

_Mertilus' Loan Modification_

15.     BOA and SPS participate in the Home Affordable Modification Program ("HAMP"). Under HAMP, both BOA and SPS have entered into lucrative government contracts under which they are paid millions of taxpayer dollars in exchange for their promise that they will evaluate homeowners for loan modifications. These contracts are incorporated by reference and are publicly available through the website for the U.S. Department of the Treasury

at http://www.treasury.gov/initiatives/financial-stability/TARPPrograms/housing/mha/Pages/contracts.aspx.

16.     If a borrower is eligible for a loan modification under HAMP, the borrower is offered a three-month trial loan modification called at Trial Period Plan ("TPP") to ensure that the borrower is able to afford a permanently modified mortgage. The HAMP guidelines are incorporated by referenced and are publicly available through the U.S. Department of Treasury at http://www.hmpadmin.com.

17.     Under the terms of a TPP, if a homeowner makes her three payments, she is entitled to be provided with a permanent loan modification.

18.     On November 3, 2011, BOA offered Mertilus a TPP. Under it, BOA promised to provide her with a permanent loan modification agreement if Mertilus made three payments in the amount of $1,544.43 on December 1, 2011, January 1, 2012, and February 1, 2012, and provided financial verification.

19.     BOA offered the TPP on behalf of U.S. Bank.

20.     As part of the TPP, BOA and U.S. Bank also promised to cease foreclosure activity on Mertilus' mortgage.

21.     The TPP was a significant payment reduction and enabled Mertilus to afford the property. Her previous payment was $2,550 per month at approximately 7.5% interest. In a letter to Mertilus sent in or around June 2012, BOA stated that a monthly payment under Mertilus' permanent modification would be approximately $1,545 at approximately 2% interest.

22.     Mertilus paid her trial payments to BOA in December 2011, January 2012, and February 2012 and provided BOA with financial verification.

23.     In fact, Mertilus continued to make payments through March 2013 until she was forced to engage counsel to represent her in this matter.

24.     BOA and U.S. Bank, however, failed to provide Mertilus with a permanent loan modification agreement.

25.     Instead, BOA and U.S. Bank falsely claimed that Mertilus rejected the modification agreement on April 1, 2012. This assertion was false, as Mertilus did not reject the modification.

26.     Furthermore, Mertilus continued to make payments under the TPP from December 2011 through March 2013. This far exceeds the three-month requirement under the TPP.

27.     In or about December 2012, U.S. Bank engaged a new mortgage servicer to handle Mertilus' loan, Defendant SPS.

28.     SPS also serviced Mertilus' mortgage under the terms of the pooling and servicing agreement. SPS, at all relevant times, acted under U.S. Bank's direction and control.

29.     SPS, on behalf of U.S. Bank, also refused to honor the TPP.

30.     SPS, on behalf of U.S. Bank, also failed or refused to provide Mertilus with a permanent loan modification agreement.

31.     Mertilus has been damaged by BOA, U.S. Bank, and SPS's actions. Her right to a permanent loan modification was invaded and denied. Defendants wrongfully assessed interest and costs to her account. She lost the economic benefit of modified loan terms. She suffered mental anguish directly and proximately related to Defendants' actions.

32.     On July 22, 2013, Mertilus sent a written demand letter to Defendants pursuant to the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A via certified mail describing its unfair and deceptive acts and practices and her damages, and requesting a reasonable settlement offer. (**Exhibit A**). Defendants received the letter on July 24, 2013 and July 25, 2013, but failed to make a reasonable settlement offer in response.

**Count I:**
**Breach of Contract**
(BOA, SPS, and U.S. Bank)

33.     The preceding paragraphs are incorporated by reference.

34.     BOA and SPS made an offer to Mertilus in the form of the TPP. The offer promised to modify Mertilus' mortgage if she made certain representations about her financial status, promised to enter credit counseling if required, and made three trial payments.

35.     Mertilus accepted the TPP by agreeing to its requirements and making the three payments.

36.     Mertilus, BOA, and U.S. Bank thus entered into a contract.

37.     Mertilus performed all that was required with her under the TPP, which requirements are stated above.

38.     BOA and U.S. Bank breached the contract by failing to provide Mertilus with a permanent loan modification.

39.     Subsequently, SPS and U.S. Bank continued to breach the contract by continuing to fail to provide Mertilus with the permanent modification after the servicing of her loan was transferred to SPS.

40.     Mertilus remains ready, willing, and able to perform her obligations under the TPP.

41.     Mertilus was damaged as a result of this breach, as stated above.

## Count II:
## Promissory Estoppel
(BOA and U.S. Bank)

42.     The preceding paragraphs are incorporated by reference.

43.     BOA and U.S. Bank made a clear and definite promise to modify Mertilus' mortgage.

44.     In the TPP, BOA and U.S. Bank promised to provide Mertilus with a loan modification if she was in compliance with the TPP and her representations remained true.

45.     BOA and U.S. Bank's sending of the TPP was intended to induce Mertilus to rely on it, to make her monthly trial payments, and to make the other promises contained in it.

46.     Mertilus did rely on the representations in the TPP by submitting making her monthly trial payments, and making the other promises contained in it.

47.     Mertilus' reliance was reasonable given the language of the agreement the factual circumstances of her application, including that she knew BOA was participating in a national mortgage restructuring program, HAMP.

48.     Mertilus' reliance was to her detriment since she has not received a permanent HAMP loan modification.

49.     Injustice can only be avoided by enforcement of BOA and U.S. Bank's promises under the modification.

**Count III:**
**Violation of Consumer Protection Act, G.L. c. 93A**
(BOA and U.S. Bank)

50.     The preceding paragraphs are incorporated by reference.

51.     BOA and U.S. Bank are engaged in commerce in Massachusetts by, among other

things, servicing and acting as trustee for investors in residential mortgages.

52.     Mertilus is not entitled to bring an action under M.G.L. c. 93A, § 11.

53.     BOA and U.S. Bank engaged in unfair and deceptive acts or practices with respect

to Mertilus in violation of the Massachusetts Consumer Protection Act by:  willfully and

knowingly refusing to honor the TPP and provide a permanent loan modification to which she

was entitled since February 2012 after complying with all terms and conditions of the TPP.

54.     Mertilus mailed a written demand letter to BOA and U.S. Bank pursuant to

M.G.L. c. 93A, § 9 on July 22, 2013 reasonably describing the unfair or deceptive acts or

practices, as well as the injury suffered, asking for compliance with their duties, a permanent loan

modification agreement, and a reasonable offer of settlement.

55.     BOA failed to make a reasonable settlement offer in response.

56.     U.S. Bank failed to make a reasonable settlement offer in response.

57.     Defendants' actions constitute unfair and deceptive acts or practices in violation

of M.G.L. c. 93A, § 2.

58.     Defendants' unfair and deceptive acts or practices have caused Mertilus damage

including, but not limited to:  losing the economic benefit of a loan modification; the large

arrearage on her account; damage to her credit; the threat of imminent loss of her home in an

unnecessary foreclosure; needless fees and interest assessed to her account that would not have

accrued had Defendants timely modified the loan; and caused her to incur legal costs and fees in her attempt to get Defendants to keep their promise to her.

**Count III:**
**Violation of Consumer Protection Act, G.L. c. 93A**
(SPS and US Bank)

59.     The preceding paragraphs are incorporated by reference.

60.     SPS and U.S. Bank are engaged in commerce in Massachusetts by, among other things, servicing and acting as trustee for investors in residential mortgages.

61.     Mertilus is not entitled to bring an action under M.G.L. c. 93A, § 11.

62.     SPS and U.S. Bank engaged in unfair and deceptive acts or practices with respect to Mertilus in violation of the Massachusetts Consumer Protection Act by:  willfully and knowingly refusing to honor BOA and U.S. Bank's TPP and provide a permanent loan modification to which she was entitled after complying with all terms and conditions of the TPP; sending letters threatening foreclosure and eviction, despite the promise to permanently modify the loan in the TPP; sending letters falsely stating that she was in arrears on the mortgage account, when in fact she stayed current on her TPP payments through approximately March 2013; and assessing late fees on her account when her payments were timely made.

63.     Mertilus mailed a written demand letter to SPS and U.S. Bank pursuant to M.G.L. c. 93A, § 9 on July 22, 2013 reasonably describing the unfair or deceptive acts or practices, as well as the injury suffered, asking for compliance with their duties, a permanent loan modification agreement, and a reasonable offer of settlement.

64.     SPS failed to make a reasonable settlement offer in response.

65.     U.S. Bank failed to make a reasonable settlement offer in response.

66.     Defendants' actions constitute unfair and deceptive acts or practices in violation of M.G.L. c. 93A, § 2.

67.     Defendants' unfair and deceptive acts or practices have caused Mertilus damage including, but not limited to:  losing the economic benefit of a loan modification; the large arrearage on her account; damage to her credit; the threat of imminent loss of her home in an unnecessary foreclosure; needless fees and interest assessed to her account that would not have accrued had Defendants honored the terms of the loan modification; and caused her to incur legal costs and fees in her attempt to get Defendants to honor the terms of the loan modification.

## Jury Trial Demand

68.     Mertilus demands a trial by jury on all issues so triable.

## Request for Relief

WHEREFORE, Mertilus respectfully requests the following relief:

a)   Judgment in her favor and against Defendants on all counts;

b)   Actual and compensatory damages;

c)   An order that Defendants specifically perform the trial modification and provide Mertilus with a permanent loan modification;

d)   Preliminary and permanent injunctive relief restraining Defendants from foreclosing on her home;

e)   Treble damages for Defendants' willful and knowing violation of G.L. c. 93A, § 9 and for Defendants' refusal to grant relief upon demand in bad faith with knowledge or reason to know their acts violated G.L. c. 93A;

f)   Costs, interest, and attorney fees; and

g)   All other relief available at law or in equity.

Respectfully submitted,

/s/ *Josef C. Culik*
Josef C. Culik (BBO #672665)
Danielle M. Spang (BBO #684365)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
(617) 830-1795
(617) 830-1576 Fax
jculik@culiklaw.com
dspang@culiklaw.com

Attorneys for Plaintiff Beatrice Mertilus

February 10, 2014

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 10, 2014.

/s/ *Josef C. Culik*
Josef C. Culik